FILED
2022 Jan-28  PM 02:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| JUSTIN MAYFIELD, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:21-cv-00828-NAD |
| | ) | |
| SHELLEY'S ELECTRICAL | ) | |
| SERVICE INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION GRANTING IN PART
## AND DENYING IN PART MOTION TO SEVER AND REMAND

For the reasons stated below and on the record in the December 15, 2021 motion hearing, the court **GRANTS IN PART** and **DENIES IN PART** Defendant Consolidated Design and Machine Inc.'s "Motion To Sever And Remand" (Doc. 9). The court **GRANTS** the motion to remand, but **DENIES** the motion to sever. Consequently, the court will **REMAND** the entire case to the Circuit Court for Etowah County, Alabama, for lack of subject matter jurisdiction.  The court will enter a separate remand order.

## INTRODUCTION

Plaintiffs Justin and Candida Mayfield filed a complaint in the Etowah County Circuit Court, alleging personal injury claims against Defendant Shelley's Electrical Service, Inc., and a workers' compensation claim against Defendant Consolidated.

1

Doc. 1-1.   Defendant Shelley's removed the case to this court, alleging that the court had diversity jurisdiction over the Mayfields' personal injury claims.   Doc. 1 at 3–7.

Defendant Consolidated filed this motion to sever and remand, asking that the court sever the Mayfields' workers' compensation claim against Consolidated and remand that claim back to state court, and that the court retain jurisdiction over the Mayfields' personal injury claims against Shelley's.   Doc. 9.

But, based on the plain language of the controlling removal statutes, the court must remand this entire case—including the personal injury claims against Shelley's—back to state court.

## BACKGROUND

### A.    Background allegations

The Mayfields allege that, on or about April 29, 2019, Justin was an employee of Consolidated.   Doc. 1-1 at 3.   As part of his employment, Justin was working on a dock leveler.[1]   Doc. 1-1 at 3.   Shelley's allegedly was responsible for the wiring of the dock leveler's control box.   Doc. 1-1 at 3.

Because of an alleged problem with the wiring of the dock leveler's control box, the dock leveler fell on top of Justin and trapped him.   Doc. 1-1 at 3–5.   As a

---

[1] A dock leveler is a piece of equipment used to bridge a height difference between a loading dock and a transport vehicle.   *See* https://dictionary.university/Dock%20leveler (last visited January 25, 2022).

result of the incident, Justin suffered serious injuries.   Doc. 1-1 at 5.

### B.    Procedural background

The Mayfields (Candida is Justin's wife) filed a complaint in Alabama state court against Consolidated and Shelley's.   Doc. 1-1.   The Mayfields alleged a state law workers' compensation claim against Consolidated, and state law claims for negligence, wantonness/recklessness, and loss of consortium against Shelley's.   *Id.*

On June 18, 2021, Defendant Shelley's removed the case, alleging that this court had diversity jurisdiction pursuant to 28 U.S.C. § 1332.   Doc. 1 at 3.

The notice of removal alleged that the Mayfields are citizens of Alabama. Doc. 1 at 4.   Consolidated also is a citizen of Alabama.   Doc. 1 at 4.   Shelley's is a citizen of Mississippi.   Doc. 1 at 4.

In its notice of removal, Shelley's alleged that this court had diversity jurisdiction over the case because the amount in controversy requirement was met, and because the Mayfields are completely diverse from Shelley's.   Doc. 1 at 3–13. Shelley's argued that the court should disregard the lack of diversity between the Mayfields and Consolidated because the court properly could sever and remand to state court the Mayfields' workers' compensation claim against Consolidated.   Doc. 1 at 3–7.

After the parties consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) (Doc. 8), Consolidated filed this motion to sever and remand on July

14, 2021 (Doc. 9).   Consolidated argued that, because the Mayfields' workers' compensation claim is statutorily nonremovable under 28 U.S.C. § 1445(c), the court must remand that claim for lack of subject matter jurisdiction.   *Id.*   The motion stated that all parties agree and consent to remand of the Mayfields' workers' compensation claim.   Doc. 9 at 3.

But the motion did not specifically address any basis for the court to sever that claim from the personal injury claims against Shelley's, and to retain jurisdiction over those personal injury claims.   Doc. 9.   Instead, Consolidated acknowledged that "[o]ther U.S. District Courts in the Northern District of Alabama have held that, when removal is based on diversity of citizenship, *the entire action should be remanded* when complete diversity is destroyed by the proper joinder of a defendant against whom a workers' compensation claim is asserted."   Doc. 9 at 2–3 (citing cases; emphasis added).

This case was reassigned to the undersigned on August 30, 2021.   Doc. 13. The undersigned held a status conference on September 10, 2021, during which the parties clarified that no party objected to the requested severance and partial remand. *See* Doc. 20 at 1, 3.   The undersigned then invited supplemental briefing on whether the court could and/or should retain jurisdiction over the Mayfields' personal injury claims against Shelley's, when remanding the Mayfields' workers' compensation claim against Consolidated.   Doc. 20.

Shelley's filed a supplemental brief, arguing that the court can and should maintain jurisdiction over the Mayfields' personal injury claims.   Doc. 23.   Neither the Mayfields nor Consolidated submitted a supplemental brief.

On December 15, 2021, the undersigned held a hearing on the motion to sever and remand, and the related jurisdictional issues.   *See* Minute Entry (Entered: 12/15/2021).

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction."   *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).   Generally speaking, federal subject matter jurisdiction over a civil case requires either a question "arising under the Constitution, laws, or treaties of the United States" (28 U.S.C. § 1331), or complete diversity of citizenship (28 U.S.C. § 1332).

With respect to diversity, a federal court has jurisdiction where the matter "is between . . . citizens of different States," and where the amount "in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."   28 U.S.C. § 1332(a)(1).

In addition, a defendant generally can remove from state court to federal court "any civil action brought" in state court over which the "district courts of the United States have original jurisdiction."   28 U.S.C. § 1441(a).

"[T]he burden of establishing removal jurisdiction rests with the defendant

seeking removal." *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013). In this regard, the "removal statutes are construed narrowly"; and, "uncertainties" about removal "are resolved in favor of remand." *Burns*, 31 F.3d at 1095.

Moreover, the plaintiff is "the master of the complaint," and is "free to avoid federal jurisdiction" by "structuring his case to fall short of a requirement of federal jurisdiction," so long as "the method of avoidance is not fraudulent." *Scimone*, 720 F.3d at 882 (quotation marks and citation omitted).

Because the "jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case," subject matter jurisdiction "cannot be waived or otherwise conferred upon the court by the parties." *University of S. Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (quoting *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000–01 (11th Cir. 1982)).   A "federal court is obligated to inquire into subject matter jurisdiction . . . whenever it may be lacking." *Id.*

If "at any time" after a defendant has removed a case to federal court but "before final judgment," it "appears that the district court lacks subject matter jurisdiction," then "the case shall be remanded."   28 U.S.C. § 1447(c).

## DISCUSSION

The Eleventh Circuit has been clear:   "The starting point in statutory interpretation is the language of the statute itself." *In re BFW Liquidation, LLC*,

899 F.3d 1178, 1188 (11th Cir. 2018) (quoting *Bankston v. Then*, 615 F.3d 1364, 1367 (11th Cir. 2010)).   "When the plain language of a statute is unambiguous, [the court] need not—indeed, should not—look beyond that plain language to determine its meaning."   *Id.* at 1189–90.   Based on the plain language of the controlling statutes, the court must remand this entire case back to state court for lack of subject matter jurisdiction.

## I.   On the plain language of 28 U.S.C. § 1445(c), this action was not removable, because of the nonremovable workers' compensation claim.

On the plain language of § 1445(c), this action was not removable.   Under § 1445(c), "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."   28 U.S.C. § 1445(c).

As explained above, the Mayfields' complaint includes an Alabama state law workers' compensation claim against Defendant Consolidated.   Doc. 1-1 at 6–7.   So, at a minimum, the Mayfields' workers' compensation claim never was removable, and the court lacks subject matter jurisdiction over that claim.   *See Reed v. Heil Co.*, 206 F.3d 1055, 1057 (11th Cir. 2000) (holding that federal courts lack jurisdiction over claims arising under state workers' compensation laws).

In this respect, the parties all agree.   Because the Mayfields' workers' compensation claim against Consolidated is statutorily nonremovable, the court must remand that claim.   *See* Doc. 9 at 3 ("All parties agree and consent to remand of the

workers' compensation claim to the Circuit Court of Etowah County, Alabama.").

The court notes, however, that the plain language of § 1445(c) makes a "civil action" nonremovable. 28 U.S.C. § 1445(c). The statute does not say that a workers' compensation *claim* is nonremovable and that other claims in the same action can be removed from state court and then remain in federal court—e.g., when severed from the nonremovable claim. Rather, it says that the *action* is nonremovable.

That said (and as discussed in Part II *infra*), Congress has provided for an exception, pursuant to which a defendant can remove an "entire" "civil action" that includes a "nonremovable" workers' compensation claim, and then the federal district court can "sever" and "remand" that nonremovable claim and retain jurisdiction over the remaining claims. *See* 28 U.S.C. § 1441(c). But that statutory exception only applies where the case includes a *federal* claim for relief. *See id.*

## II.  The plain language of 28 U.S.C. § 1441(c) does not provide a basis for the court to sever the personal injury claims from the nonremovable workers' compensation claim, and to retain jurisdiction over the personal injury claims, because there is no federal claim for relief.

The plain language of § 1441(c) does not provide a basis for the court to sever the Mayfields' personal injury claims against Shelley's from the Mayfields' nonremovable workers' compensation claim against Consolidated, and to retain jurisdiction over those personal injury claims. As noted above, that is because § 1441(c) only applies where the complaint includes a *federal* claim for relief.

Under 28 U.S.C. § 1441(c), "[i]f a civil action includes" a federal claim for relief,[2] and a statutorily "nonremovable" claim,[3] then "the *entire* action may be removed if the action would be removable without the inclusion of the [statutorily nonremovable claim]." 28 U.S.C. § 1441(c)(1) (emphasis added).

Then, after removal, § 1441(c) provides that the federal district court "*shall* sever from the action" the statutorily nonremovable claim(s), and "*shall* remand the severed claims to the State court from which the action was removed." 28 U.S.C. § 1441(c)(2) (emphasis added).

So, where a defendant has removed a case that includes both a claim that invokes federal question jurisdiction and a statutorily nonremovable claim, the district court can sever and remand the nonremovable claim, and retain jurisdiction over the federal-question claim. Indeed, the court *must* do so. *See id.* (court "shall sever . . . and shall remand").

In this regard, the Eleventh Circuit's decision in *Reed* is at least consistent with § 1441(c), and at most is entirely limited by that statutory provision. While some of the language in *Reed* arguably is open-ended, the undisputed facts are that

---

[2] 28 U.S.C. § 1441(c)(1)(A) ("a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of [28 U.S.C. § 1331])"; i.e., a claim that provides a basis for federal question jurisdiction).

[3] 28 U.S.C. § 1441(c)(1)(B) ("a claim not within the original or supplemental jurisdiction of the district court or *a claim that has been made nonremovable by statute*" (emphasis added)).

9

the defendant had removed a case that included both a federal claim for relief (under the Americans with Disabilities Act or "ADA"), and a state law claim that the Eleventh Circuit ruled was statutorily nonremovable.   *Reed*, 206 F.3d at 1056–57. After the district court had granted summary judgment on both claims, the Eleventh Circuit affirmed on the federal ADA claim, and reversed and remanded on the nonremovable state law claim.   *Id.* at 1063.   The Eleventh Circuit ruled that the district court lacked jurisdiction over the nonremovable claim (under § 1445(c)), and included instructions for the district court to remand that claim back to state court. *Id.* at 1061, 1063.

With respect to the federal ADA claim, the Eleventh Circuit reasoned that defendants "can remove civil actions over which the federal courts would have had original jurisdiction," and that the "federal district court would have had original jurisdiction over [the plaintiff's] ADA claim because it arose under federal law." *Id.* at 1058 (citing 28 U.S.C. § 1441(a); 28 U.S.C. § 1331).[4]

Stated simply, along with § 1441(c), *Reed* supports severance-and-remand where the case includes a federal claim and a nonremovable state law claim.   *See id.*   But, in the absence of a federal claim, the plain language of § 1441(c) does not

---

[4] "In addition, federal courts can exercise supplemental jurisdiction over state law claims that form part of the same case or controversy as the claim with original federal jurisdiction."   *Reed*, 206 F.3d at 1058 (citing 28 U.S.C. § 1367(a); 28 U.S.C. § 1441(c)).

apply.

Here, because the Mayfields' complaint does not include any federal claim for relief, there is no basis for federal question jurisdiction, and no basis for severance-and-remand pursuant to § 1441(c).

Importantly, Congress has not enacted an analogous severance-and-remand provision for those situations—like this case—in which a defendant has removed a case that invokes *diversity* jurisdiction and that includes a statutorily nonremovable claim.   To be clear, nothing in § 1441(c) *prohibits* severance-and-remand in those situations (*see* Doc. 23 at 6–7), but nothing in the plain language allows it either.

## III.   On the plain language of 28 U.S.C. § 1441(a), this action was not removable, because this court does not have original jurisdiction over the case.

On the plain language of § 1441(a), this action was not removable, because this court does not have original jurisdiction over the case.   Under § 1441(a), "[e]xcept as otherwise expressly provided by Act of Congress," a defendant can remove a case only where the district court "ha[s] original jurisdiction" over the action.   28 U.S.C. § 1441(a).   As the United States Supreme Court has explained, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."   *Caterpillar Inc. v. Williams*, 482 U.S. 286, 392 (1987).

Here, this case "originally could [*not*] have been filed in federal court."

11

*Caterpillar*, 482 U.S. at 392.   There is no basis for federal question jurisdiction, and there is not complete diversity.

### A.   There is no federal claim in this case, and so no federal question jurisdiction.

As explained above, there is no federal claim in this case, and so no basis for federal question jurisdiction under 28 U.S.C. § 1331.   *See supra* Part II.   Instead, Shelley's removed this case based on diversity jurisdiction under 28 U.S.C. § 1332. Doc. 1 at 3.

### B.   There is not complete diversity, and so no diversity jurisdiction.

There is not complete diversity, and so there is no diversity jurisdiction.   As also explained above, the Mayfields and Defendant Consolidated are all citizens of Alabama (Doc. 1 at 4), so the court lacks diversity jurisdiction over the case.   *See* 28 U.S.C. § 1332 (requiring complete diversity of citizenship for diversity jurisdiction).[5]

On this motion, Shelley's argument appears to be the following:   (1) the Mayfields are Alabama citizens, and Defendant Shelley's is a Mississippi citizen

---

[5] The court does not reach the question whether severance-and-remand would be appropriate, where there is complete diversity of citizenship between all plaintiffs and all defendants—that is, including any defendants against which the plaintiffs have alleged a statutorily nonremovable claim.   In that situation, removal would be proper pursuant to 28 U.S.C. § 1441(a), but the court still would need to reconcile that removal with the plain language of 28 U.S.C. § 1445(c).   *See, e.g.*, *Formosa v. Lowe's Home Centers, Inc.*, 806 F. Supp. 2d 1181 (N.D. Ala. 2011) (complete diversity of citizenship between all plaintiffs and all defendants).

(Doc. 1 at 4); and (2) if the court were to sever and remand the nonremovable workers' compensation claim against Defendant Consolidated; then (3) the court could retain the Mayfields' personal injury claims against Defendant Shelley's; and (4) the court—*post*-severance-and-remand—would have subject matter jurisdiction based on the resulting complete diversity of citizenship between the Mayfields and Shelley's.   Doc. 1 at 4–7; Doc. 23.   But there does not appear to be any basis for the court to engage in that hypothetical severance-and-remand; rather, the court lacks subject matter jurisdiction right now, and there is no appropriate mechanism to "create" it in these circumstances.

### IV.   There is no statutory basis for the court to sever the personal injury claims from the nonremovable workers' compensation claim, and to retain jurisdiction over the personal injury claims.

There is no statutory basis for the court to sever the personal injury claims against Shelley's from the nonremovable workers' compensation claim against Consolidated, and to retain jurisdiction over those personal injury claims.   As explained above, the removal in this case was doubly problematic, because of the nonremovable claim (*see* § 1445(c); Part I *supra*), and because this court does not have federal question or diversity jurisdiction over the case (*see* § 1441(a); Part III *supra*).   And, § 1441(c) can't help with the requested severance-and-remand, because there is no federal claim for relief.   *See* Part II *supra*.

The problem is that, in a case removed on *diversity* grounds, there is no

statutory mechanism to sever and remand the nonremovable claim(s), and to retain jurisdiction over the remaining state law claims.   In § 1441(c), Congress enacted a specific exception to § 1445(c)'s statutory bar against removal where there is a federal claim for relief.   But (as noted above), Congress has not enacted any comparable end-run around § 1445(c)'s statutory bar against removal for diversity of citizenship.   In a situation like this, severance-and-remand may be true to the spirit of § 1441(c), but not its text.   *Cf. Reed*, 206 F.3d at 1058.[6]

As a potential solution to that problem, Shelley's points to cases like *Lamar v. Home Depot*, 907 F. Supp. 2d 1311 (S.D. Ala. 2012).   Doc. 1 at 5; Doc. 23 at 5–6.   *Lamar* and other district court cases do read the Eleventh Circuit's *Reed* decision as permitting the requested severance-and-remand, not just in cases removed based on federal question jurisdiction (pursuant to 28 U.S.C. § 1441(c)), but also in cases removed based on diversity jurisdiction.

However, Shelley's does recognize that *Lamar* and similar cases are in the minority.   *See* Doc. 23 at 1–2 (conceding that "the majority of Alabama federal courts have remanded in their entirety" those cases that a defendant has removed and that include both a statutorily nonremovable workers' compensation claim and personal injury claims).   Indeed, multiple courts have rejected the reasoning from

---

[6] *See, e.g.*, *Steel*, No. 2:16-CV-808-GMB, 2017 WL 253960, at *3 (refusing to "read out of § 1441(c) the distinction between claims rooted in federal question and diversity jurisdiction").

*Lamar* and similar cases.[7]

In *Lamar*, the district court reasoned that the Eleventh Circuit in *Reed* relied on § 1441(a) (general removal jurisdiction), and not § 1441(c) (severance-and-remand for federal claims joined with nonremovable claims), in discussing removal and jurisdiction over the federal ADA claim.   *Lamar*, 907 F. Supp. 2d at 1314–15.

According to *Lamar*, "a nonworker's compensation claim properly removed under Section 1441(a) is not subject to remand under Section 1445(c)," even where the defendant removed the case based on diversity.   *Id.* at 1317.

While parts of *Lamar*'s reasoning and its close reading of *Reed* may be compelling, that decision ultimately is not persuasive for at least three reasons. First, there is no statutory basis for removal or severance-and-remand—at least in a case like this.   As explained above, there is no complete diversity here, so even § 1441(a) could not provide a basis for removal.   (And, again, the court need not reach the question whether removal and severance-and-remand would be appropriate in a case where there *is* complete diversity of citizenship between all plaintiffs and

---

[7] *See*, *e.g.*, *Mays v. General Motors LLC*, No. 17-cv-66, 2017 WL 1398471, at *9 (N.D. Ala. Apr. 19, 2017); *Steel v. Viscofan USA, Inc.*, No. 2:16-cv-808-GMB, 2017 WL 253960, at *3 (M.D. Ala. Jan. 19, 2017); *Watson v. General Electric, Inc.*, No. 12-cv-2661, 2012 WL 5931884, at *7–8 (N.D. Ala. Nov. 26, 2012); *Wingard v. Guillot Textilmaschinen GMBH*, No. 08-cv-342, 2008 WL 4368884, at *4 (M.D. Ala. Sept. 23, 2008); *Bryant v. Wausau Underwriters Ins. Co.*, No. 06-cv-1002, 2008 WL 1808325, at *2 (M.D. Ala. Apr. 21, 2008); *Williams v. CNH Am., LLC*, 542 F. Supp. 2d 1261, 1267 (M.D. Ala. 2008).

all defendants.   *See, e.g.*, *Formosa*, 806 F. Supp. 2d 1181; *supra* note 5.)

Second (and as also explained above), the Eleventh Circuit in *Reed* did cite § 1441(a)—in addition to § 1441(c), later in the same paragraph—but the Eleventh Circuit also clearly specified that the ADA claim in that case arose under federal question jurisdiction pursuant to § 1331.   *Reed*, 206 F.3d at 1058.   That reasoning brings *Reed* in-line with § 1441(c), and arguably limits *Reed*'s application to permitting removal and severance-and-remand in only those cases with a federal claim for relief.

Third (and more fundamentally), it is hornbook law that a defendant cannot remove a case based on "minimal" diversity between one plaintiff and one defendant.[8]   But that is precisely what *Lamar* would allow in a case like this.

According to *Lamar*, "Under Section 1441(a), the presence of a *single claim* as to which the federal courts have original jurisdiction" makes the case "removable in its entirety under that statute," and "the presence of additional claims as to which the federal courts lack original jurisdiction is irrelevant."   *Lamar*, 907 F. Supp. 2d at 1317 (emphasis added).   So, here (according to *Lamar*), removal would be proper

---

[8] *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) ("Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant."). *Cf. Scimone*, 720 F.3d at 885 (stating that the primary purpose behind the Class Action Fairness Act was to change the removal requirements for qualifying class action cases to "the more forgiving requirements of minimal diversity").

under § 1441(a) because there is *minimal* diversity on a "single claim" or more for personal injury (*id.*), as between the Mayfields (Alabama citizens) and Defendant Shelley's (Mississippi citizen), even though there is *not* diversity between the Mayfields and Defendant Consolidated (another Alabama citizen).   But, in seemingly every other circumstance, that is not the law under either § 1441(a) or § 1332; minimal diversity is not enough for removal or for original jurisdiction.   *See Triggs*, 154 F.3d at 1287.    And it hardly seems to help that, again in a case like this, the "additional claim[] as to which the federal court[] lack[s] original jurisdiction" is a state law workers' compensation claim that itself is statutorily nonremovable.   *See Lamar*, 907 F. Supp. 2d at 1317.

For sake of clarity, cases like *Lamar* did provide much more than a good faith basis for Shelley's to remove this case and to argue for severance-and-remand.   *See* Doc. 1 at 4–7; Doc. 23 at 5–6 (citing *Lamar*, 907 F. Supp. 2d at 1314–15).   But the court must resolve this motion based on the controlling statutory text (to the extent that it applies), and in light of the Eleventh Circuit's instructions that the "removal statutes are construed narrowly," with "uncertainties" about removal "resolved in favor of remand."   *Burns*, 31 F.3d at 1095.

Furthermore, given the Eleventh Circuit's admonitions, the court declines to exercise any discretion that it may have under Federal Rule of Civil Procedure 21 to "create" jurisdiction here.   Rule 21 provides that "[m]isjoinder of parties is not a

ground for dismissing an action," and that a court can sever "any claim against a party" (Fed. R. Civ. P. 21), including for the purpose of retaining jurisdiction (*Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 862 (11th Cir. 1998)).   Severance under Rule 21 is left to the district court's discretion.   *See, e.g.*, *Estate of Amergi ex rel. Amergi v. Palestinian Authority*, 611 F.3d 1350, 1356 (11th Cir. 2010) (stating that a district court's decision on severance is reviewed for abuse of discretion).

As the language suggests, Rule 21 severance generally is appropriate where there has been misjoinder in violation of the joinder provisions in Federal Rule of Civil Procedure 20.   *See, e.g.*, *Steel*, 2017 WL 253960, at *4.   There is no issue of misjoinder in this case.

Nevertheless, "in certain limited circumstances Rule 21 severance may also be justified by 'considerations of judicial economy, case management, prejudice to parties, and fundamental fairness'—even where Rule 20 allows joinder."   *Id.* (quoting *Barber v. America's Wholesale Lender*, 289 F.R.D. 364, 368 (M.D. Fla. 2013)).

But the "fundamental problem" with Rule 21 in this situation is that the court "essentially" would "employ the procedural device of severance not to 'retain' jurisdiction," but to "manufacture federal jurisdiction that did not exist at the moment" when the case was removed.   *Brown v. Endo Pharms., Inc.*, 38 F. Supp. 3d 1312, 1326–27 (S.D. Ala. 2014).   "Federal courts have frowned on using the

Rule 21 severance vehicle to conjure removal jurisdiction that would otherwise be absent." *Id.* (citation omitted).[9]

Plus, practically speaking, consideration of judicial economy appears neutral in this case. The case is in only the early stage of discovery. The record appears to show that severance-and-remand would not detract from judicial economy, but that it wouldn't necessarily promote it either. *See, e.g.*, Doc. 23 at 12 (overlapping discovery between the personal injury claims and the workers' compensation claim would "likely be limited to a handful of depositions"). Also, Shelley's appears to recognize that whether severance-and-remand would promote judicial economy is different from the question whether the court can retain subject matter jurisdiction over certain claims. *See, e.g.*, Doc. 23 at 14 ("a claim that has been properly removed and is not subject to remand under governing statutes cannot be remanded on the grounds that judicial economy would be served by remand").

In the end, the court will not exercise any arguable discretion that it may have

---

[9] In this case, as in *Brown*, "when the Notice of Removal was filed, there was neither federal question jurisdiction nor diversity jurisdiction over this action. Of course, well-settled law provides that diversity jurisdiction is examined at the time of removal. . . . If there was not complete diversity at the time of removal, and if there was no fraudulent joinder or fraudulent misjoinder of nondiverse parties, then the lack of complete diversity at the moment of removal deprives this Court of subject matter jurisdiction and necessitates remand to state court. The Court cannot (and, even if it had discretion to do so, would not) retroactively manufacture federal subject matter jurisdiction in this case by slicing off the non-diverse portions of the case, returning those to state court, and keeping the rest." *Brown*, 38 F. Supp. 3d at 1326–27 (citations and quotation marks omitted).

under Rule 21 to order severance-and-remand because the Eleventh Circuit has made clear that "[f]ederal courts are courts of limited jurisdiction" (*Burns*, 31 F.3d at 1095), and because the court still has the practical concern of jurisdictional uncertainty hanging over this case (*see* Doc. 20 at 4).   A hypothetical appeal on the personal injury claims could result in a "do-over" for lack of jurisdiction, which no one wants.

## V.   The Mayfields are the masters of their complaint, and Shelley's and the Mayfields cannot consent to federal subject matter jurisdiction, where there is none.

As noted above, the plaintiff is "the master of the complaint," and is "free to avoid federal jurisdiction" by "structuring his case to fall short of a requirement of federal jurisdiction."  *Scimone*, 720 F.3d at 882.   In this case, the Mayfields filed their complaint in state court, joining a nonremovable workers' compensation claim with state law personal injury claims, but with no federal claim for relief.   There is no issue of "fraudulent" joinder.  *Id.*

Had the Mayfields filed two lawsuits—a workers' compensation case against Consolidated, and a personal injury case against Shelley's—then the workers' compensation case still would be in state court, and Shelley's properly could have removed the personal injury case pursuant to § 1441(a) and § 1332.   Likewise, if the Mayfields had voluntarily dismissed their workers' compensation claim (and refiled in state court), then the jurisdictional analysis and result would be different pursuant

to § 1441(a) and § 1332, and the court could have diversity jurisdiction over the remaining personal injury claims.[10]   But that is not what the Mayfields have done, and they are the masters of their complaint.

That said, the record appears to show that both the Mayfields and Defendant Shelley's would prefer to remain in federal court on the personal injury claims. Doc. 9 at 3; Doc. 20 at 1, 3.   All things being equal, the court too would prefer that the personal injury claims remain here in federal court.

While Shelley's argues that the Mayfields have waived any right to remand the personal injury claims (Doc. 23 at 11–12; *see Formosa*, 806 F. Supp. 2d at 1185),[11] any such waiver still cannot create subject matter jurisdiction.   The court has an obligation to address subject matter jurisdiction "whenever it may be lacking," and it is well settled that the parties cannot consent to federal subject matter jurisdiction or waive the issue, where there is no jurisdiction.   *University of S. Alabama*, 168 F.3d at 410.

---

[10] If those hypothetical results seem inconsistent with the outcome here, it is only because the plain language of the statutes requires as much.   For better or worse, Congress has provided for severance-and-remand where the removed case includes a federal claim for relief (§ 1441(c)), but not where the case was removed based on diversity (no analogous statute).   In the absence of clear guidance from the Eleventh Circuit, the court will not stretch to bridge that jurisdictional gap and risk a "do-over."

[11] The court again notes that in *Formosa*, unlike this case, there was complete diversity of citizenship between all plaintiffs and all defendants.   *See* 806 F. Supp. 2d 1181.

Moreover, while the court agrees with Shelley's that an out-of-state defendant generally has the right to litigate in federal court (subject to the requirements of § 1332), and that a court generally cannot decline to exercise jurisdiction (Doc. 23 at 7–10), those arguments are beside the point.  The point is that neither § 1332, § 1441, nor any other statute provides a basis for removal and severance-and-remand here, and that consequently the court does not have any subject matter jurisdiction to exercise over this case in the first place.

Accordingly, the court has no choice but to remand the entire case for lack of subject matter jurisdiction.   *See* 28 U.S.C. § 1447(c).

## CONCLUSION

For the reasons stated above, the court **GRANTS IN PART** and **DENIES IN PART** Defendant Consolidated's motion to sever and remand (Doc. 9).   The court **GRANTS** Defendant Consolidated's motion to remand, but **DENIES** Defendant Consolidated's motion to sever.

As a result, the court **DIRECTS** the Clerk of Court to **REMAND** this case to the Circuit Court for Etowah County, Alabama.   Separately, the court will enter a

remand order.

      **DONE** and **ORDERED** this January 28, 2022.

_____

**NICHOLAS A. DANELLA**
UNITED STATES MAGISTRATE JUDGE